UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br>     v.<br>RAJENDRABHAI PATEL,<br>          Defendant. | Case No.  CR11-365RSL<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

This matter comes before the Court on Defendant's "Motion to Reduce Sentence to Time Served" (Dkt. # 225). Having considered the facts set forth in the motion, the government's response, and remainder of the record, the Court DENIES Defendant's motion.

Defendant asks the Court to reduce his sentence of 48 months of imprisonment to time served based on his deteriorating health and the fact that he will be deported following release. Dkt. # 225 at 1. Defendant's arguments, however, are misdirected, as this Court lacks the authority to grant Defendant's request.

The Attorney General, not the Court, is responsible for administering the sentence after it is imposed. United States v. Wilson, 503 U.S. 329, 332-336 (1992). Awarding credit for time served is a matter which falls within the province of Attorney General, acting through the Bureau of Prisons, under 18 U.S.C. § 3585(b).

Similarly, the authority of the Court to modify a defendant's sentence after it is imposed is limited by statute. United States v. Mullanix, 99 F.3d 323, 324 (9th Cir.

ORDER DENYING MOTION - 1

1996).  The Court may modify a term of imprisonment once it has been imposed in the following three circumstances only: (1) based on a motion by the Director of the Bureau of Prisons and a finding that "extraordinary and compelling reasons" exist, or that defendant is at least 70 years old, has served at least 30 years in prison, and is not a danger to the community, (2) pursuant to statute or by Rule 35 of the Federal Rules of Criminal Procedure, and (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has since been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)-(2).  As the statute makes clear, if Defendant seeks to pursue a "compassionate release," he must submit a request for a motion to the Warden presenting particularly extraordinary or compelling circumstances.  28 C.F.R. § 571.61(a).

      Defendants arguments therefore, are better directed to the Attorney General, as they are to be considered exclusively by the Executive, not the Judiciary.  The Court therefore DENIES Defendant's motion.

      DATED this 9th day of December, 2013.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION - 2